## Stafford *against* Green.

*Foot* moved in arrest of judgment in this cause, which was an action of *slander.* There were several counts in the declaration, in one of which, the words charged were, " *He swore false before Squire Andrews, and I can prove it.*" There was no *colloquium* stated, but a mere *innuendo,* the declaration be bad, and the other counts good, and a general verdict, and the judge before whom the cause was tried, certifies that the evidence did not particularly apply to the bad count, but went to the other counts, the plaintiff may enter up his judgment on the good counts, on payment of costs.

In an action of *slander,* on a motion of arrest of judgment, it was held, that if one count in

ALBANY,
August, 1086.

Hatfield
v.
Baldwin.

that it was in a certain cause depending before a justice, &c. There was a general verdict for the plaintiff, and it was objected, that the above words did not amount to a charge of *perjury*, which consisted in swearing falsely in a matter material to an issue, or point in question before some court. A person might swear falsely, yet not be guilty of the crime of perjury. It was contended, that the count was bad, and not helped by the innuendo, nor could the verdict be amended.†

† 1 *Caines*, 348. *Hopkins* v. *Bea-dle*.

*Van Vechten* and *Shepherd*, contra, contended, that the old and strict rule of construction had been done away; that words are to be taken in their natural sense, and as they would be understood by the hearers. Though the meaning of the words, in themselves, be uncertain, yet, if from the circumstances and manner in which they were spoken, it is obvious they were uttered maliciously, and with a view to disparage another, the jury and the court may make the inference, as to their meaning, here put in the *innuendo*. They cited various cases in which the words were equally uncertain, yet held sufficient.‡ Yet if this count were bad, still the verdict might be amended by the notes of the judge, so as to apply it to the good counts.§

‡ 4 *Bac. Ab.* 504. (*Old ed.*) 3 *Levinz.* 69. 2 *Ld. Raym.* 559. 8 *Mod.* 57. *Cro. Eliz.* 135, 297, 348, 492. 3 *Caines*, 74. *Pelton* v. *Ward.*

§ 7 *Term*, 56. 3 *Term*, 659. *Douglass*, 376. 1 *Bos. & Pul.* 389. 1 *Caines*, 392-4, 583.

*Per Curiam.* The count in question is certainly bad; but as it appears from the judge's certificate that the evidence did not particularly apply to that count, we are of opinion, that the judgment ought not to be arrested, but that the plaintiff have leave to enter up his judgment on the good counts, on payment of costs.*

* *Douglas*, 377. *Eddoes* v. *Hop-kins.*

Motion denied.