SAYRE *vs.* JEWETT.

In slander, the omission of the averment that the slanderous words were, spoken *of* and *concerning* the plaintiff, is fatal to a count, even after verdict although there be an *inuendo* that the defendant meant the plaintiff, when he said *he* is a thief.

Where, however, there is one good count in the declaration besides such defective count, and the judge before whom the cause is tried certifies "that all the evidence given would properly apply to the good count, *as well* as to the other," the verdict will be allowed to be amended by applying it to the good count, on payment of the costs of a motion in arrest.

MOTION in arrest. The action was *slander ;* the declaration contained three counts, and the plaintiff had a *general verdict* for $100. In the first count the words were charged to have been spoken *to* the plaintiff, as thus, "*you* are a thief," &c. of which there was no proof. In the *second* count it was alleged that in a certain other discourse which the defendant had in the presence and hearing of divers citizens, the defendant falsely and maliciously spoke and published *of and concerning the plaintiff*, these other false and defamatory words, "he is a thief," &c. In the *third* count, it was alleged that in a certain other discourse, the defendant contriving and in-

NEW-YORK,
May, 1834.

Sayre
v.
Jewett.

tending as aforesaid, spoke and published these other defamatory words, "he is a thief," &c. without averring that the discourse was *of and concerning* the plaintiff, or that the defamatory words were spoken *of and concerning the plaintiff.* The two last counts were supported by proof. The defendant moved *in arrest of judgment,* for the defect of the third count. The plaintiff asked leave to amend the verdict by applying it to the second count, on a certificate of the circuit judge that all the evidence given on the trial would properly apply *as well* to the second as to the third count of the declaration.

*By the Court,* NELSON, J. The *third* count is bad, and the better opinion appears to be, that the defect in it is not cured by the verdict, and that the defendant in a case like this, is entitled to have the judgment arrested. Cro. Jac. 126. 2 Str. 934. 1 Saund. 242, n. 3. 2 Chitty's Pl. 263, n. 7 Johns. R. 359. But there can be no objection on the judge's certificate to amend the verdict so as to apply it to the *second* count, which is unexceptionable. According to the certificate, the evidence applied as well to the *second* as to the *third* count, and in such cases it is the settled practice of this court to permit the amendment on payment of the costs of the motion in arrest. *Union Turnpike Company* v. *Jenkins,* 1 Caines, 392. 15 Johns. R. 318. 1 id. 505.*

* It will be observed that as long since as 1803, when the case of the *Union Turnpike Company* v. *Jenkins,* above referred to, was decided, this court not only concurred with Lord Mansfield, in condemning the ancient rule upon this subject as when he said in *Grant* v. *Astle,* Dougl. 729, " I have exceedingly lamented that ever so inconvenient and ill-founded a rule should have been established, as that where there are several counts, entire damages, and one count is bad and the other not, this shall be fatal ;" but *abrogated* it, by allowing an amendment of the verdict, where the judge before whom the cause was tried certified that "all the evidence given would properly apply to the good count as well as to the others." In respect to allowing an amendment of the verdict in a case like this, this court therefore differs from the King's Bench in England, for the rule there is, that if there is any evidence which applies to the bad count, the postea cannot be amended, because as *Buller,* J., said in *Eddowes* v. *Hopkins,* Dougl. 377, it would be impossible for the judge to say on which of the counts the jury had assessed the damages, or how they had apportioned them ;" and per *Lawrence,* J., in *Holt* v. *Scholefield,* 6 T. R. 695, "the plaintiff ought not to be at liberty to amend by the judge's notes in this case, because the *evidence applied* as well to the *bad* as to the *good* counts."