By the Court,

Brojxson, J.
Although the declaration is but a clumsy performance in the way of special pleading, I am inclined to think it sufficient after verdict. The objections to it are, 1. The want of an averment that the words were spoken of and concerning the plaintiff; 2. The absence, of proper inducement, or an introductory statement of matters to which the words may be applied for the purpose of showing them actionable ; and 3. The want of apt innuendos for the purpose of pointing the application of the words to the plaintiff, and to the introductory averments.
In actions for verbal slander, the usual course is, to allege a colloquium of and concerning the plaintiff, and then to follow it by an averment that the words were spoken of and concerning the plaintiff. The pleader in this case has, in all the counts, stated a discourse of and concerning the plaintiff, but he- has not followed it by an averment that the words were spoken of the plaintiff. It was thought at an early day that the laying of a colloquium of the plain *285 tllf was indispensable in all cases. But in Smith v. Ward, [Cro. Jac. 674,) it was held, on a motion in arrest of judgment, that the omission of the colloquium was not fatal where the words were alleged to have been spoken of the plaintiff, and their application to him was sufficiently apparent. The declaration in that case was, that the defendant said of the plaintiff, “he,” (innuendo the plaintiff,) “is a thief.” This was held sufficient after verdict; and would now, I think, be held good on demurrer. (See 1 Chit. Pl. 432, ed. of ’37. 2 id. 306, 7, note(g), ed. of '19. Stark, on Slander, 283, 4.)
The pleader in this case has laid a colloquium, but he has omitted the more important averment that the words were spoken of and concerning the plaintiff. These words, says Mr. Chitty, are very material. (2 Chit. Pl. 312, n. (g), ed. of ’19.) But in a subsequent edition he says, “ the declaration must show by a colloquium, or otherwise, that the words were spoken, or the libel was composed and published, of and concerning the plaintiff.” (1 Chit. Pl. 432, ed, of ’37. 2 id. 623, notes (d) and (l); and p. 635, note (w).) And upon principle, it would seem to be sufficient, especially after verdict, that it appears in any way that the slanderous words were spoken of the' plaintiff. This has undoubtedly been regarded as an indispensable averment. {Com. Dig. Defam. G. 7.) But Serjeant Williams, who is good authority, thinks it enough, after verdict, that a colloquium concerning the plaintiff is laid, without any more direct averment that the words were spoken of the plaintiff. Indeed, he thinks- the defect should be pointed out by special demurrer. (1 Saund. 242, note (3). And see Stark, on Stand. 284, 5.) (a) But however that may be, if it appear with reasonable certainty on looking at the whole count, that the words were spoken of the plaintiff, that must be enough after verdict, although the averment is not made in the most skilful manner.(b)
*286 In the first count, it is stated by way of inducement that there was a certain note of hand or due bill purporting to be executed by the defendant to the plaintiff; and a colloquium of and concerning the note, as well as the plaintiff, is properly laid. The inducement in the second count is good by way of reference to the first. It alleges a discourse of and concerning the plaintiff, and of and concerning the aforesaid note. The third count mentions another note by way of inducement. Each of the counts contain sufficient prefatory matter to which the words may be applied for the purpose of showing them slanderous.
Some of the innuendos are badly framed, and taken in connection with other defects in the declaration, they go very far towards overturning the action. In the first count, after alleging a discourse concerning the plaintiff, and concerning a particular note or due bill, the pleader proceeds to set out the slanderous words; and when he arrives at words relating to the note, instead of an innuendo pointing1 to the note already mentioned, the innuendo speaks of a note which may or may not be the same one that is mentioned in the inducement. What is further said in the innuendo about a note presented to the defendant for payment, is of no importance. It cannot aid the plaintiff, because there is nothing in the introductory statement to which this part of the innuendo can relate: and it can do no harm, because the matter is not rendered more uncertain than it was before in consequence of mentioning a note, instead of the note mentioned in the inducement. Notwithstanding this uncertainty, the innuendo is not repugnant to the matter set forth in the introductory averment. The note presented to the defendant for payment may be the same note which is mentioned in the inducement : and after verdict, it should, I think, be intended that the notes were identical. If it had not been proved on the trial that the words spoken related to the particular note mentioned in the introductory averment, we must presume that the court below would not have permitted the plaintiff to recover.
*287 There is another deformity in this count. After alleging that the defendant had a discourse with the plaintiff, some of the words are—“ you may send for Van Slyck, (the plaintiff meaning,) and we will have him punished.” This looks very much as though the defendant was chargeable Avith the absurdity of telling the plaintiff he might send for himself; and that, too, for the purpose of getting himself punished. And yet it is possible that the defendant addressed such words to the plaintiff: and they are none the less slanderous because they seem to be absurd, if Ave can see that they impute to the plaintiff a criminal offence. The innuendo following the Avord “ you,” is—“ the bearer or holder of • the note above described:” and although the discourse was, in general, with the plaintiff, these particular words may have been addressed to some one or more of the citizens in Avhose presence the slander Avas uttered. And besides, for the purpose of upholding the judgment, we may, I think, reject as surplusage the allegation that the discourse Avas with the plaintiff. It is enough that the discourse was of and concerning the plaintiff.
Looking at the whole count in the favorable light in Avhich it should be examined after verdict, I think it shows with sufficient certainty that the plaintiff Avas charged Avith the crime of forgery. There was a discourse concerning the plaintiff, and concerning a note purporting to be made by the defendant, and payable to the plaintiff, in which the defendant said—“ I Avill swear that I never signed the note: it is forged. You may send for Van Slyck, (the plaintiff,) and we will have him punished for forging the noteP The pleader certainly had materials enough; and although he has used them very unskilfully, I think the verdict has helped him out of the difficulty.
As the second and third counts are less objectionable than the first, they call for no particular remark.
The bill of exceptions shows no error. It was not necessary for the plaintiff to prove all the Avords laid in either of the counts, provided the words proved Avere slanderous. ' In two of the counts, the Avords, among others, *288 are—•“ It is a forgery.” Two of the witnesses swear to the very same words. This is enough, without looking any further. Although the witnesses all spoke of the same conversa, tian and varied somewhat in their statements, it was for the jury to say, which gave the correct version; and as some of the witnesses proved words which would sustain the declara, tian, the court bélow was right in refusing to nonsuit the plaintiff.
No question has been made upon the charge to the jury.
Judgment affirmed.

а) See Titus & Titus v. Toilet, (post, p. 318.)

 Had there been no colloquium laid, in the principal case, quere whether the judgment could have been sustained. (See Sayre v. Jewett, 12 Wend. 135.)