## MUCHLER *vs.* MULHOLLEN.

A simple charge of false swearing before a justice, without showing that it refered to the giving of testimony in the trial of a cause, or on some legal occasion, is not of itself slanderous. And the fact, that defendant intentionally guarded the charge so as to avoid stating the court or magistrate before whom the alleged false swearing occured, will not alter the above rule.

*Held accordingly*, where the words used were, "He swore false, and I can prove it; but I am not liable because I have not said in what suit he testified "—"He swore to a damned lie, and I can prove it, but I am not liable because I have not said in what suit he testified "—"M. swore false, and I can prove it, but I will not tell before what justice he testified"—"M. swore false, and I can prove it, but I will not tell before what court he gave his testimony."

DEMURRER. This was an action of slander, and the words set forth in the declaration were—"He swore false, and I can prove it; but I am not liable because I have not said in what suit he testified"—"He swore to a damned lie, and I can prové it, but I am not liable because I have not said in what suit he testified"—"Morgan swore false, and I can prove it, but I will not tell before what justice he testified"—"Morgan swore false, and I can prove it, but I will not tell before what court he gave his testimony." There was no averment of a cause pending, or of a court, or officer, competent to administer an oath, before whom the plaintiff had been sworn and examined as a witness. The defendant demurred and the plaintiff joined in demurrer.

*By the Court*, NELSON, Ch. J. A simple charge of false swearing before a justice without a colloquium showing that it refered to the giving of testimony in the trial of a cause, or on some legal occasion, has been frequently determined not to be of itself actionable. (*Hopkins* v. *Beedle*, 1 Caine's, 347; *Stafford* v. *Green*, 1 Johns., 505; *Ward* v. *Clark*, 2 id., 10; *Chapin* v. *Smith*, 13 id., 80.)

In *Stafford* v. *Green* the words were, "He swore false before Squire Andrews, and I can prove it"—and in *Ward* v. *Clark*—"He has sworn falsely, he has taken a false oath against me in squire Jamison's court", yet this court held the words not actionable, for want of the colloquium of a cause pending before a magistrate competent to administer the oath.

It is supposed, in this case, that the charge of false swearing is made actionable, per se, for the reason the defendant intentionally guarded the charge, so as to avoid stating the court or magistrate before whom the false swearing occurred. But, according to the above cases, if he had been less cautious in venting his malice against the plaintiff, and had named the magistrate or court, still, the words would have fallen short of sustaining the action, without the colloquium. And we are unable to perceive how the deliberate and designed suppression of the fact, which, if published in connexion with the words, would not then have made them

actionable, can, in legal contemplation, or in reason, enhance or add to their actionable properties.

The charge may indeed be less ingenuous and manly, betraying a distrust of the truth of it on .the part of the calumniator, and fear of responsibility; but the disguise or suppression can add nothing to the legal character of the words as spoken and published.

Judgment for defendant on demurrer, with leave to amend on usual terms.