Postley *v.* Mott.

POSTLEY *vs.* MOTT.

It is not necessary, to warrant the amending of a *postea* so as to refer the verdict to the good counts of a declaration containing good and bad counts, that the evidence should be applicable exclusively to the good counts. It will be so amended, if the evidence was applicable as well to the good as to the bad counts.

Where the judge certified a portion of the evidence, by which it appeared that testimony had been received which was only admissible under a bad count, the amendment was refused, though the judge had given a certificate that all the evidence was applicable to all the counts.

Where there was a general verdict upon a declaration having a bad count with others which were good, the court arrested the judgment, but allowed a *venire de novo,* upon the plaintiff's paying the costs of the trial and of the motion.

MOTION in arrest of judgment. The declaration contained six counts for verbal slander. Not guilty was pleaded, and the plaintiff had a verdict. The plaintiff's counsel, in opposing this motion, produced the certificate of the circuit judge, from which it appeared that no evidence was given upon the third and fifth counts of the declaration, and that the evidence applicable to the fourth count was withdrawn before the cause was submitted to the jury. He also certified that all the evidence given on behalf of the plaintiff would apply as well to the first and sixth counts as to the second. The judge also furnished a copy, certified by him, of the minutes of the testimony of one

of the plaintiff's witnesses, who swore that he heard the defendant speak the alleged slanderous words set forth in the second count, which were essentially different from those laid in the other counts. The court, by the application of familiar principles, came to the conclusion that the second count was bad in substance; and so much only of the case is considered material to be reported as relates to the further questions arising upon the motion.·

*A. C. Bradley*, for the defendant, insisted that the testimony certified was not applicable to the good counts.

*N. Hill Jr.*, for the plaintiff, asked, in case the judgment should be arrested, that a *venire de novo* might be awarded, and cited *Hopkins* v. *Beedle*, (1 *Caines*, 347, 349;) *Barnes' Notes*, 478; *Eddowes* v. *Hopkins*, (*Doug.* 376;) *Grant* v. *Astle*, (*id.* 730.)

*By the Court*, JEWETT, J. The general rule is, that when one of several counts is bad, and a general verdict is rendered, the judgment will be arrested. (*Gibbs* v. *Dewey*, 5 *Cowen*, 503.) But if the record can be amended by the notes of the judge, so as to apply the verdict to the good counts, or if the defect be the result of a clerical mistake, or the like, in which case the court will amend it, the motion will be denied. (*Stafford* v. *Green*, 1 *John.* 505; *Highland Turnpike Co.* v. *McKean*, 11 *id.* 99; *Cooper* v. *Bissell*, 15 *id.* 318; *Norris* v. *Durham*, 9 *Cowen*, 151; *Sayer* v. *Jewett*, 12 *Wend.* 135; 2 *R. S.* 425, § 7; *The Union Turnpike Co.* v. *Jenkins*, 1 *Caines*, 392; *Hopkins* v. *Beedle, id.* 347.)

The rule which prevails in the court of king's bench, in England, in regard to amending a verdict by the notes of the judge, differs from that by which this court is governed. There, if there was any evidence which applied to the bad counts, the verdict cannot be amended. Here, if the evidence applies to the good counts solely, or will properly apply to such counts, *as well as to the others*, or if the evidence did not particularly apply to the bad count, the verdict may be amended. In *Eddowes*

Postley *v.* Mott.

*v. Hopkins,* (*Doug.* 376,) Buller, J. said there was this distinction, that if there was only evidence at the trial upon such of the counts as were good and consistent, a general verdict might be altered from the notes of the judge, and entered only on those counts; but that, if there was any evidence which applied to the other bad or inconsistent counts, then the *postea* could not be amended, because it would be impossible for the judge to say on which of the counts the jury had found the damages, or how they apportioned them; that in such a case the only remedy was by awarding a *venire de novo.* In that case a new venire was awarded on payment of costs, including those of the motion in arrest of judgment. The rule which has been invariably acted upon in this court, will be found exemplified in the cases which have been referred to. In the case under consideration, if the plaintiff's evidence would properly apply as well to the first and sixth counts of the declaration, as to the second, as the general certificate states, it would be clear that the plaintiff would be entitled to leave to amend the verdict on payment of costs. But the circuit judge has, in another certificate, given a copy of the evidence of Solomon C. Riley, by which it appears that that evidence could only apply to the second count, which is bad. I do not see, in this state of the question, that the verdict can be amended, as it is impossible to say on which of the counts the jury have found the damages, or how they apportioned them. The judgment must therefore be arrested, unless the plaintiff will pay the costs of the circuit and of the motion in arrest. On the payment of those costs a *venire de novo* must issue.

Ordered accordingly.