### SNELL *a.* SNELL.

*Supreme Court, Fifth District ; General Term, October,* 1856.

MOTION IN ARREST OF JUDGMENT.—APPEAL.—EXCEPTIONS.

Whether a motion in arrest of judgment may be made, under the Code—*Query ?*

Where, upon appeal, it appears that some of the counts in the complaint are defective, but others are good, and it further appears, from the printed case, that all the evidence given was applicable to the good counts, an amendment of the record applying the verdict to the good counts, is proper.

The judgment cannot be reversed, if there are good counts in the complaint, to which all the evidence introduced was applicable.

What evidence identifying a will is necessary in an action for slander, in charging plaintiff with having stolen a will.

That a general exception to a charge cannot be sustained, if part of the charge is correct.

Appeal from a judgment upon a verdict.

This was an action for slander, brought by Jeremiah Snell against Seffrenus Snell.

The slanderous words complained of, amounted to a charge against the plaintiff of having stolen from the surrogate's office the will of one Jacob P. Snell. The complaint contained seven different counts, and claimed special damages for injury to plaintiff's business as a merchant. Five of the counts were for words spoken in the German language; two were for words in English. The answer was a general denial.

Upon the trial several exceptions were taken to the ruling of the court upon questions of evidence; and after the testimony was closed, defendant's counsel moved for a non-suit, which was denied. The jury found a verdict in favor of the plaintiff for one thousand dollars.

After verdict, the defendant moved in arrest of judgment, upon the ground that several of the counts in the complaint were defective. This motion was denied by the court without hearing argument; the justice observing, that, as the case would probably be carried to the general term, on the exceptions taken, he would deny the motion, and all the questions

might be carried up at the same time; and defendant now appealed from the judgment entered, upon a case made with liberty to turn the same into a bill of exceptions.

*L. Ford*, for appellant, contended that plaintiff should have been non-suited, because he did not prove the paper in question to be the will of Jacob P. Snell;—and that judgment ought to be arrested because several counts in the complaint were defective.

*Montgomery H. Throop*, for respondent. I. The defendant has not pursued the correct practice to enable him to review the denial of the motion in arrest of judgment. 1. Can a motion in arrest of judgment be made in any case under the Code ? (*Code*, §§ 264, 265). Is not the defendant's remedy a motion for a non-suit as to part of the counts, or an application that the plaintiff be compelled to elect upon which counts he will recover ? 2. If, however, the motion was properly made as a part of the proceedings upon the trial, the defendant cannot now claim that it was improperly denied, as no exception was taken to the denial. 3. If a motion in arrest can properly be made at circuit, and no exception is necessary to enable the party to get a review of its denial by the judge, or if the motion below be considered as a motion made at special term after the trial, the decision must clearly be reviewed by appeal. Here there is no appeal. 4. On the contrary, a *case* is made on which the party asks for a *new trial*. It is manifest that he has waived his motion in arrest of judgment. The latter is made on the *record* alone, and is utterly inconsistent with the idea of procuring a new trial. How could a *new trial* be granted for the denial of a motion to arrest judgment ? 5. The defendant cannot move in arrest at the general term. The motion is a non-enumerated motion, and must be made at special term, (*Rules* 27, 28,) and brought here by appeal. By making a case and moving for a new trial, he precludes himself from moving in arrest. The two motions are entirely inconsistent with each other. The motion has, moreover, already been made and denied. It cannot be *renewed* without

leave, and renewing it at the general term is not an appeal from the decision below.

II. If the motion in arrest is properly before the court, it will be denied.   1. Every count in the complaint is good in substance.   2. But even if the court should think that either of the counts was bad, yet if all the evidence given would be admissible under any of the counts which were good, the verdict will be amended, on payment of the costs of the motion in arrest, so as to make it apply only to the counts which are good.   (Van Rensselaer *v.* Platner, 2 *Johns. Cas.* 17 ; Highland Turnpike Company *v.* McKean, 11 *Johns.*, 98 ; Norris *v.* Durham, 9 *Cow.*, 151 ; Sayre *v.* Jewett, 12 *Wend.*, 135.)   And this, even though the evidence was not applicable exclusively to the good counts. (Postley *v.* Mott, 3 *Denio*, 353.)

III. If the motion in arrest is not properly before the court, the defendant cannot avail himself of the alleged defects in some of the counts, under the provisions of subdivision 5 of section 144, of the Code.   The defendant can stand in no better position than if he had demurred to the *whole complaint ;* in which case, any one of the counts being good, the plaintiff would be entitled to judgment. (6 *Johns.*, 65 ; 13 *Ib.*, 264, 395 ; 18 *Ib.*, 457 ; 11 *Ib.*, 54.)   And after verdict, it would be intended that no evidence was given under the defective counts.

By the Court, W. F. Allen, J.—The motion in arrest of judgment, if such motion is known to the present system of practice, is not before us, as there is no appeal from the order denying the motion, and the record proper makes no mention of it, or of the decision of the court thereon.   The statement in the case in regard to it is out of place, as the case properly only relates to the proceedings upon the trial, and not to proceedings in the action before or after the trial.   If the defendant had intended to appeal from the order, or to review it under section 329 of the Code, upon the appeal from the judgment, the order should have been certified and returned upon the appeal, and made a part of this record.   That some of the counts are defective is beyond dispute within well settled rules of pleading, which have not been disturbed by the Code.

The case making a part of the record, and upon which the defendant seeks to reverse the judgment, shows that all the evidence given was properly, although not exclusively applicable to the good counts. The proper disposition of the motion in arrest therefore, if such motion was proper, would have been to amend the record, by applying the verdict, general in its terms, to the good counts, upon payment of the costs of the motion. (Postley v. Mott, 3 Den., 353; Sayre v. Jewett, 12 Wend. R., 135; Norris v. Durham, 9 Cow., 151; Highland Turnpike Company v. McKean, 11 Johns. R., 98). The amendment in such cases is allowed, because the defect does not affect the substantial right of the parties, and the court can see that the defendant has not been prejudiced. Section 176 of the Code requires the court in every stage of an action to disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; and declares that no judgment shall be reversed or affected by reason of such error or defect. The record shows that the evidence applied as well to the good as to the bad counts, and that the jury did not therefore assess damages against the defendant for any cause of action defectively stated in the complaint. If the order denying the motion in arrest was properly before us upon this appeal, the only order we could grant would be to arrest the judgment, unless the plaintiff should amend the verdict and pay the costs of the motion; but the Code, in terms, prohibits the reversal of the judgment for any technical defect which may properly be thus amended. If the entire complaint was defective in substance, the objection might well be taken upon an appeal from the judgment; so if the evidence given only applied to the bad counts, or some of the evidence upon which the jury may have rendered their verdict, applied exclusively to the bad counts, it might be cause for the reversal of the judgment.

But when there are good and bad counts, and the case shows that all the evidence was admissible under the good counts, although a part may have also been applicable to the bad, the judgment cannot be reversed. It is sustained by the good counts, and by the evidence, and verdict applicable to them.

It is also objected that the plaintiff should have been non-

suited on the trial, because he did not prove the paper in question (the paper with the stealing of which the plaintiff was charged) to be the will of Jacob P. Snell. There are several answers to this objection.

1. The point was not made upon the trial, and as it might have been obviated if it had been made, it was waived and cannot now be urged.

2. The paper was spoken of by the defendant as, and called by him, the will of Jacob P. Snell. He charged the plaintiff with stealing the will of Jacob P. Snell from the surrogate's office. This obviated other or any proof that the paper referred to was in part the will of Snell. (Case *v.* Buckley, 15 *Wend.*, 327).

3. It was proved by one of the subscribing witnesses to have been the will of Jacob P. Snell referred to in the complaint and in the conversation of the defendant.

Another point is made upon the charge of the Judge. I do not perceive that any error was committed in the charge. If the judge was not sufficiently specific in regard to the words spoken in German and in English, and in calling the attention of the jury to the fact, that the words proved to have been spoken in either language must be referred to the proper counts, the defendant should have called the attention of the judge to the omission, and asked a more specific direction. But the exception is general to the whole charge, and almost the whole, if not the entire charge is clearly right, and the defendant cannot, under this general exception, single out any part of the charge as erroneous. A part of the charge being correct, the exception must be overruled. (Ives *v.* Osgood, 2 *Seld.*, 233 ; Hunt *v.* Maylon, 3 *Ib.*, 266).

The judgment must be affirmed.