By the Court—Bosworth, Ch. J.
This is an appeal by the defendant from an order denying a motion to change the verdict, which is a general verdict in favor of the plaintiff, for $166.67, into a verdict for the defendant..
The action was brought to recover $500, for the rent of premises leased by the plaintiff to the defendant. The defendant, before suit brought, tendered the sum of $166.67; plead the tender as a defense, and, accompanying Ms plea, paid into Oourt the sum tendered.
The plaintiff insisted that the lease continued for a longer period than the defendant conceded it did. The defendant proved that he made the tender as pleaded. The Judge, at the trial, instructed the Jury, “ that if they found that no more than the sum so tendered and paid into Court was due or owing for the said rent, that then their verdict would be for the said plaintiff for the said sum so tendered and paid into Oourt, to wit, $166.67.”
I state the instruction, in the words in which the moving affidavit alleges it was made. The Jury rendered a verdict for the plaintiff for that sum.
The plaintiff, on an affidavit stating these facts, and that the Jury did find that no more was due or owing for rent than the sum so tendered, moved, at Special Term, for an order changing their verdict for the plaintiff into a verdict for the defendant; that motion was denied, and from the order denying it this appeal is taken.
It is not pretended, whatever it may be alleged the Jury found, that the verdict, in form and words, is other than a general verdict in favor of the plaintiff, for $166.67.
Whatever error may have occurred at the trial, none can be imputed to the action of the Jury. They obeyed the* instructions of the Judge, and if there was any error, it was his, and not the Jury’s. The Jury having rendered a general verdict for the plaintiff and no different direction *593 having been given by the Court, it was the duty of the Clerk to enter judgment in conformity with the verdict. (Code, § 264.)
There is no mode presented by the Code by which the defendant can be relieved from the error committed at the trial, except a motion at Special Term, upon a case, for a new trial. (Code, § 265; Rule 34 [15].)
Such was the practice before the Code. (The Bank of Columbia v. Southerland, 3 Cow., 336.)
It cannot justly be said, that the Jury rendered a verdict different in form from what they intended; they obeyed the instructions of the Court.
And this case is, in principle, precisely like every other, where the Court, on a supposed state of facts, instructs the Jury, if they find the facts to be as thus supposed, to render a verdict for the plaintiff, when the instruction should have been, to find, in that event, a verdict for the defendant.
That the error is more apparent in one case than in another, makes no difference in respect to the remedy to be pursued by the injured party. In all such instances, where no exception is taken, the remedy is a motion, on a case, for a new trial.
If the Jury had found specially, that the defendant tendered the whole sum due, judgment could be given in his favor notwithstanding a general verdict in favor of the plaintiff for the sum tendered. (Code, § 262, [217].)
Where a general verdict has been rendered for a plaintiff, upon a declaration containing several counts, some of which are bad, and the Judge certifies that all the evidence given at the trial is applicable to the good counts, he may be permitted to amend the verdict, as it is sometimes expressed, by applying it to the good counts. (1 Cai., 386; 12 Wend., 135.) This, in effect, is to permit the plaintiff to enter up his judgment on the good counts. (Stafford v. Green, 1 Johns., 505; Jones v. Kennedy, 11 Pick., 125.)
*594 The verdict remains in favor of the party who recovered it, and for the sum rendered, and, by leave of the Court, the record is so made up as to show that it was rendered on the good counts only. ■
So, although a verdict may not conclude formally in the words of the issue, yet if the point in issue can be concluded Qut of the finding, the Court will work it into form, and make it serve according to the justice of the case. (Porter v. Rummery, 10 Mass. R., 69.) In other words, the Court will disregard the verbal imperfections and uphold the judgment. (8 Cow., 662, 663; Thompson v. Button, 14 J. R., 84.)
Even an alteration of its verbal phraseology, so as to make it express by words precisely that which the Court deems to be its legal effect, is quite a different- thing from transforming a general verdict in favor of a plaintiff into a general verdict in favor of the defendant.
Ho authority or precedent in support of the power of the Court to order the latter has been cited, and we are satisfied that no such power exists, on such a state of facts as this case presents. (U. S. Trust Co. v. Harris, 2 Bosw., 86; Bemus v. Beekman, 3 Wend., 667.) According to the papers before us, the Jury have not committed any error, nor made, inadvertently, a mistake; the error or mistake, if there be any, is that of the Court, and can only be redressed by a motion, on a case, for a new trial.
The order should be affirmed, with costs, but without prejudice to the right of the defendant to move, at Special Term, for leave to make a case and move thereon for a new trial.