By the Court.—Monell, Ch. J.
The objection of the respondent’s counsel, that the questions involved in the case are not before the court in a form entitling them to be considered, is not free from difficulty.
A motion for a new trial was made upon, as it is alleged, the judge’s minutes. That is one of the prescribed forms for obtaining a review of the trial. It can be made upon exceptions, or for insufficient evidence, or for excessive damages. An appeal from an order denying the motion puts the general term in possession of the case.
We have lately held (Gregg v. Howe, 37 Sup'r. Ct. 420; McMicken v. Lawrence, 39 Id. 540), that an exception to a denial of a motion for a new trial is unavailable in the general term.
The motion for a new trial upon the minutes of the court, is in lieu of a motion at the special term, and an appeal from the order may be taken directly to the general term.
A party can not do both. If he moves upon the judge’s minutes, he can not afterwards move at the special term upon a case.
If, therefore, it had appeared in this case that the motion at the trial was made upon the judges minutes, we should be compelled, I think, to dismiss the appeal, on the ground, that the motion at special term, could not afterwards properly be made.
*275 But I do not find in the case any statement that the motion at the trial was made upon the judge’s minutes. The order entered upon the motion recites it as “ defendant’s motion to set aside the verdict as irregular, and-the plaintiff’s motion to amend the verdict” being heard, &c., and it does not state upon what the motions were founded; probably it was u.pon the verdict in the form in which it was rendered.
When the motion was made at special term, then it appeared for the first time, and only in the affidavits used'on that motion, that the defendant’s application at the trial was made upon the judge’s minutes.
But as the mode of presenting the question to the general termis defective, at most, only in form, I think, in view of the importance of those questions, any such defect should be overlooked.
The verdict as rendered by the jury was not such a verdict as could properly have been found under the issues submitted to the jury. They could only find for the plaintiff assessing the damages, or generally for the defendant. The award of the bad debts, which formed the subject of the action to the defendant, was . not within the province of the jury.
Upon receiving a sealed verdict which is imperfect in form or substance, the court may cause the jury to retire and correct it. But, it seems, if the verdict is received and recorded, it can not be afterwards altered (3 Gra. on new trial, 1405). If the alteration is merely of the form of the verdict, not affecting its substance, it would not be cause for setting the verdict aside (Sayre v. Jewett, 12 Wend. 135 ; Burhans v. Tibbits, 7 How. Pr. R. 31).
In the case before us the verdict was received and recorded. It was afterwards amended by striking out a part of it. If that could be done, it must be on the ground that the part stricken out was wholly immaterial, and did not affect the verdict as a whole.
*276 But the jury seem to have attempted to make an equitable disposition of the case. They appear to have thought that as the defendant was to be held liable for the bad debts, he was entitled to have them assigned to him for what they were worth. There was not, however, any such relief demanded by the defendant, and the award of the debts to him was unauthorized, and, in my judgment, rendered the whole verdict void.
Under these circumstances, it was the duty of the court to have refused, to receive the verdict, and sent the jury back with instructions to find an unconditional verdict.
The verdict as rendered was not such a verdict as the court could, under the pleadings and issues, render a judgment upon; and hence, when it was altered to conform to such issues, it no longer was the verdict which the jury had returned.
And it was too late, after it had been recorded, to make the alteration, as has already been said. And see Warner v. New York Central R. R. Co., 52 N. Y. 437.
I have not regarded the affidavits of the jurors, read upon the motion below. Such affidavits can not, as a general rule, be received to affect their verdict, and are not necessary in this case. It is enough, however, that the verdict they returned was void. They should have been required to correct it, the court could not do it for them.
The order should be reversed, the judgment should be set aside, and a new trial granted, with costs to the appellant to abide the event.
Curtis, J., concurred.