OPINION of the Court, by
Judge Boyle.
This • r 1 1 i rpu , was an action for slanderous words. 1 hree counts were laid in the declaration. On the second, a verdict was found for the defendant in the court below, who is appellant in this court. On the first and third, there was a verdict for the plaintiff, for two hundred dollars, and judgment rendered thereon, from which the defendant appealed, lhe sole question made in this court is, whether the words laid in the first and third counts of the declaration, are actionable or not ?
The first count, after stating a colloquium concerning a barn of the defendant, which had lately been burnt, charges the defendant with having spoken and published of, and concerning the plaintiff, the following words, to wit: “ that he had every reason to believe that the said plaintiff had burnt tjje barn aforesaid.” The .third count, after stating a similar colloquium, alleges *594 the words spoken by the defendant, of the plaintiff, to b* the following, to wit : “ from the evidence he had concerning the burning of said barn, he the said defendant, believed that the said plaintiff had burnt the said barn.
It was contended by the appellant’s counsel, that the words laid in these counts are not actionable, because they do not necessarily import guilt, as the barn may have been burnt by accident and not by design.
This objection is predicated upon the old rule of construing words in mitiori sensu. But this rule has long since been exploded, and has given way to one which accords more with reason and the common sense of mankind. It is now settled that words are to be taken in that sense in which they would be understood by those who hear or read them (a). The judge will neither torture them into guilt, nor explain them into innocence, but take them in their usual acceptation, and understand them according to their obvious import and meaning.
Tested by this doctrine, the words in question are clearly actionable. They carry with them an evident imputation of guilt, and it requires the most forced and farfetched construction, to give to them an innocent meaning. We are aware, that in Barham's case, 4 Co. Rep. 20, it was holden, that the words “ he burnt my barn,” were not actionable. But upon that case it is to be remarked : 1st. that it was decided during the prevalence of the ancient and now exploded rule of construing words in their mildest sense, and 2dly. that by construing the words in their mildest sense, they were taken to mean a barn which had no grain in it, nor parcel of the mansion house, the burning of which was then but a trespass, whereas by our laws it is now made felony, and the perpetrator subject to the infamous punishment of confinement in the penitentiary. The reason of that decision is therefore w'holly inapplicable to the present case, as well because the rule of construing slanderous words is changed, as because there is now no room to give to words importing a charge of burning a barn an innocent meaning, and cessante ra-tione, cessat et ipsa lex.
But it is again objected, that the words in question are not actionable, because they contain no positive affirmation, but are expressive merely of the belief of the speaker.
*595 Were such an objection to be sustained to an action for slanderous words, it would be easy for one who designed to injure the character of another to effect his malicious purpose, without incurring any responsibility. By circulating the slander, clothed in expressions of opinion or belief, he might destroy the fairest reputation with impunity. But the law will not permit an injury done to character to be without remedy, by such an artifice as this. Whatever may be the mode of expression used, if an assertion of guilt is implied or intended, the words will be actionable. Thu3 it has been holden, that the expression “ I am persuaded in my conscience,” is a sufficient affirmation, Cro. Jac. 407. So the expression, “ I am thoroughly convinced, (2 Black. Rep. 959) was deemed equal to a positive averment.” So too the expressions u I think, or I dreamt it,” or “ for ought I know,” have been ruled to be sufficient affirmation — Cro. Eliz. 348 — -2d Black. Rep. 960, and the cases there cited,.
Upon the whole vve are clearly of opinion, that the words laid in the first and third counts of the declaration, are actionable.-Judgment affirnaed.

 Hume vs. Arrasmith, ante 166.