## C ᴀꜱᴇ *vs.* Buckley.

In slander, for charging a plaintiff with having burnt his own barn, with the intent to defraud an *insurance company*, it is not necessary to aver *that the barn was insured*, where the natural import and meaning of the words spoken is to impute the crime of arson.

Motion in arrest. This was an action of *slander*. The plaintiff, after stating in the introductory part of his declaration that he had never been guilty or suspected of the crime of *arson*, or of being an accessary to such crime, and averring that a certain *barn* belonging to him had been *burnt*, charged the defendant in the *first count* of the declaration with saying to him, " you burnt your barn to cheat the insurance company," *innuendo* that the plaintiff had been guilty of the crime of arson. In the *second count*, the words were thus, " Case burnt his barn to get the insurance money," *innuendo* that he had been guilty of the crime of arson. The *third count* charged the defendant with saying, that Case had hired a couple of boys to burn his barn, *innuendo* that he was guilty as an accessary before the fact to the crime of arson. The defendant pleaded the *general issue*. The plaintiff obtained a verdict for $45 damages.

*A. Taber*, for the defendant, insisted that the declaration was bad, for the want of an *averment* that the barn was *insured* against fire ; and that, at all events, the third count could not be supported, the *innuendo* in that count not being warranted by the words spoken.

*M. T. Reynolds*, contra.

*By the Court*, Nelson, J. By the revised statutes it is enacted that " Every person who shall wilfully burn any building, ship or vessel, or any goods, wares, merchandize, or other chattel, which shall be at at the time insured against

NEW-YORK,
May, 1836.

Case
v.
Buckley.

loss or damage by fire, with intent to prejudice such insur-- er, whether the same be the *property of such person* or of any other, shall, upon conviction, be adjudged guilty of arson in the third degree." 2 *R. S.* 667, §5. The rule laid down by this court, by which to ascertain when words are actionable of themselves or not, is this : " In case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be in themselvess actionable." Applying this test to the words laid in the first and second counts, it seems to me they fall within the rule. Taken according to their natural import and as ordinary persons would understand them, they clearly convey to the mind the crime imputed by the inuendo, and so we are bound to conclude the jury have found, to wit, that the plaintiff burnt his barn *with the intent to prejudice the insurers.* This, according to the statute, is arson in the third degree.

It was said, on the argument, that it should have been set forth in the declaration, as inducement to the alleged charge, that the plaintiff's barn had been insured, in order to support the innuendoes. If such averment should be held material, it must have been proved on the trial ; and the consequence would be, that no person charged with the crime, even in the very language of the statute, could vindicate his character or obtain redress for the injury, unless the building which he was charged to have burnt was in fact insured. The law cannot be so defective. The question is not whether the plaintiff was in a situation, in respect to his own property, in which he could have committed the crime imputed ; that is no part of his case. If it was possible for him to have been guilty, as charged, it is sufficient. The crime is then as fully conveyed to the mind of the hearer, as if he had been charged directly and in terms with the offence of arson. Here the words, of themselves, so clearly express the crime, that it was not necessary to put upon the record any other fact to help out the innuendoes. They are well warranted without any such means of explanation. In the case of *Pelton* v. *Ward,* 3 *Canies,* 73, the words were, " You swore to a lie, and you

knew it, for which you stand indicted"—innuendo that plaintiff had committed perjury. The words were pronounced actionable, because they could mean nothing less than perjury. The court say, if the innuendo was not true, it was competent for the jury to have said so, but they have affirmed it on grounds deemed substantial. The principle of this case has since been repeatedly recognized and applied, 3 *Cowen*, 231, 5 *id.* 513, 8 *Wendell*, 573, 11 *id.* 391, and so fully stated and illustrated in the cases, that it is unimportant again to review it.

The third count, however, is clearly defective, and for that reason the judgment must be arrested. No certificate was produced showing that the testimony applied to the first and second as well as to the third count. 12 *Wendell*, 135.

Judgment arrested.