## JAMES NICHOLS *v.* NATHANIEL PACKARD.

The office of an *inuendo*, in a declaration for slander, is to explain, and not to extend, the meaning of words.

An averment in such declaration that the defendant had spoken of and concerning the plaintiff these words, "N. (meaning the plaintiff) burnt it, (meaning said store) and he (meaning the plaintiff) knew it, and I, (meaning the defendant) can prove it,"—preceded by a colloquium that the words were spoken of and concerning the burning of a store owned by the defendant, and followed by an averment that the words were intended to charge the plaintiff with a felonious burning, &c., was held sufficient.

TRESPASS ON THE CASE for speaking slanderous words. The first count in the plaintiff's declaration alleged that, before the speaking of the words charged, a certain store, belonging to the defendant, "had been burned and destroyed by fire," and that the defendant, intending to cause it to be suspected that the plaintiff had been guilty of the crime of *arson*, spoke, "of and concerning the plaintiff, and of and concerning the burning of said store," the words following, viz : "Nichols (meaning the plaintiff) burnt it, (meaning the said store) and he (meaning the plaintiff) knew it, and I (meaning the defendant) can prove it; and thereby then and there meaning that the said plaintiff had been and was guilty of wickedly and maliciously burning said store, and that the plaintiff knew it, and that said defendant could prove it."

After verdict for the plaintiff the defendant moved that judgment be arrested, for the insufficiency of the declaration ; but the Court overruled said motion, and rendered judgment for the plaintiff ; to which the defendant excepted.

*J. McM. Shafter*, and *C. D. Kasson* for defendant:

1. The words "he burnt it" do not impute a crime, although connected by a proper *inuendo* with the store. Unless the prefatory averments and colloquium, when coupled with the words, show affirmatively the imputation of a crime, the *inuendo* cannot *extend* the sense to help out the charge. 1 Saund. R. 243, n. 4. 1 Hammond's N. P. 311, 320. If the words do not, *ex vi termini*, import a crime, they must be made to do it by reference to the subject

Nichols *v*: Packard.

matter in the averment. Ham. N. P. 317, n. (t.) *Savage* v. *Robery*, 2 Salk. 694.` *Hawkes* v. *Hawkey*, 8 East 427. *Todd* v. *Hastings*, 2 Saund. R. 307, n. (1.)

The *inuendo* cannot be *proved*. *Van Vechten* v. *Hopkins*, 5 Johns. 225–6. Hence it cannot be *traversed*, and is therefore a matter not concluded by a verdict.

From this it is clear that an *inuendo* is a mere *corollary* from antecedent allegations, which are the subject of *proof*. And, if those allegations do not warrant the *inuendo*, it goes for nothing; for in no case does an *inuendo* cure a defective averment, *colloquium*, or defective words. *Mc Cloughry* v. *Wetmore*, 6 Johns. 82. Ham. N. P. 319–322. *Helley* v. *Hender*, 3 Buls. 83, cited in Stark. on Sl. 293. *Holt* v. *Scholefield*, 6 T. R. 691.

Unless the *inuendo* is the plain inference from the introductory averments and words, the jury cannot be supposed to have inquired into it, because the record shows no facts submitted to them, from which they could find the *inuendo*. *Rex* v. *Horne*, *Per* LD. DE GREY, Ch. J., Cowp. 682. *Wood* v. *Scott*, 13 Vt. 42. *Ryan et ux.* v. *Madden*, 12 Vt. 51.

2. To apply these principles to this case;—the introductory averment, as to the subject matter to which the words relate, simply states that the defendant's store had been *"destroyed by fire."* The *colloquium* is *"concerning the said store."* There is no allusion to a crime, nor averment that a crime had been committed; it appears to have been the result of mere *accident*, or *mischance*. The defendant then remarks that "Nichols burnt it,"—evidently meaning that he did it by *mischance*. This is the *natural* sense of the words; and, as they do not of themselves *ex vi termini* import *malice*, nor by their relation to the prefatory matter, the sense cannot be perverted by an *inuendo*.

*D. A. Smalley* for plaintiff.

It is not pretended that the meaning of the words charged can be extended by means of an *inuendo*. But, in case of a libel, which does not in itself contain the crime charged without some extrinsic aid, it must be put upon the record by way of introduction, if it is new matter, or by way of *inuendo*, if it is only matter of

explanation. *Rex* v. *Horne*, Cowp. 684. The count would be bad without such *inuendo*. *Wood* v. *Scott*, 13 Vt. 42.

In the case at bar, the *inuendo* simply explains in *what sense* the words were used. It is precisely similar in principal to the case of *Wood* v. *Scott;* and the use of the *inuendo* was absolutely necessary; nor does it *add to* or extend the meaning of the words any more than the *inuendo* in that case did.

The truth of the averments and *inuendos* is material. On demurrer they are conceded to be true, and on trial are to be found by the jury. *Rex* v. *Horne*, Cowp. 672. *Van Vechten* v. *Hopkins*, 5 Johns. 211. *Wood* v. *Scott*, 13 Vt. 49. *Penfield* v. *Westcote*, Mich. T. 1805, C. P., cited 14 Petersdorf 694.

In the case of *Peake* v. *Oldham*, Cowp. 275, the words were, " I am thoroughly convinced that you are guilty," *inuendo* "that you are guilty of the death of Daniel Dolly." The same arguments were used by counsel that are here used for the defendant, viz., that the *inuendo* extended the meaning of the words. The *colloquium* was of the *death* of D. Dolly,—not that he died an untimely death, or that he died by the hands of the defendant,—and it was contended that it could not be extended to a charge of *murder*. The court say, "the jury, by their verdict, have found that the words "I am convinced that you are guilty," do mean "guilty of the death of Daniel Dolly," i. e. that such was the meaning of the defendant." So in the case at bar the jury have found the truth of the *inuendos*.

To the same effect are all the New York authorities. *Kennedy* v. *Gifford*, 19 Wend. 296. *Case* v. *Buckley*, 15 Wend. 327. *Lindsay* v. *Smith*, 7 Johns. 359. *Goodrich* v. *Woolcott*, 3 Cow. 231. And see *Roberts* v. *Camden*, 9 East 93.

If words import scandal in their ordinary acceptation, and according to their obvious meaning, they are actionable ; that is, when they appear to have been spoken maliciously, such meaning is to be attached to them as will be consistent with malice ; and of this the jury are to judge. *Walker* v. *Winn*, 8 Mass. 248. *Chaddock* v. *Briggs*, 13 Mass. 248.

But, if there are any defects in the declaration, which might have been taken advantage of by special demurrer, they are now aided

Stearns *v.* Haven et al.

by verdict,—the jury having found the truth of the *inuendos*. 1 Chit. Pl. 723. *Peake* v. *Oldham*, Cowp. 275.

The opinion of the court was delivered by

BENNETT J. This case comes before this court upon a motion in arrest for the insufficiency of the declaration. The objection is, that it is not alleged in the declaration, that the *colloquium* had was of and concerning the burning of the store *feloniously*, *wickedly* and *wilfully*; and it is hence inferred by the counsel that the *inuendo*, which is merely the mode of introducing an *explanation* of the sense in which the words were used, extends their meaning.

It is clear that it is not the office of an *inuendo* to extend, but simply to explain. Where words are used of doubtful signification, it is for the pleader to allege in what sense they were used, and for the jury to find the truth of the allegation. In this declaration we have the allegation that the store of the defendant had been destroyed by fire, and that, in a conversation *of and concerning the burning of this store*, the defendant charged the plaintiff with the burning of it; and then follows the *inuendo*, explanatory of the meaning of the defendant. When we take the whole words charged in the declaration, and especially when the defendant adds, that "he can prove it," probably there are but few who would not understand the words as imputing to the plaintiff a *felonious* burning. The jury have of course settled the question, that they were used in that sense.

We do not think this declaration obnoxious to the objection made to it, but consider it well sustained by authority. *Peake* v. *Oldham*, Cowp. 278. *Woolnoth* v. *Meadows*, 5 East 463. *Goodrich* v. *Woolcott*, 3 Cow. 231.

The judgment of the County Court is affirmed.