BYRON TUTTLE *vs*. WILLIAM R. BISHOP.

In a declaration in slander the words laid as the slanderous charge will be understood by the court in their natural and popular sense.

Where the plaintiff alleged that the defendant said of him that he *set fire to and burnt* the defendant's factory, it was held that the charge imported the crime of willfully burning the building.

Where the words taken by themselves do not necessarily import a charge of crime, yet where the declaration avers that the defendant *willfully and maliciously* spoke the words, they will be taken, after verdict, to have been intended to import such a charge.

WRIT of error from a judgment of the superior court in an action of slander, brought by the defendant in the action, assigning as error the insufficiency of the declaration.

The material parts of the declaration were as follows :—

" That the plaintiff has always sustained a good moral character among his neighbors and has never been guilty of the crime of arson ; that on the 18th day of September, 1859, the defendant, and certain other persons associated with him as partners, under the name of Shelton, Tuttle & Co., were the owners of a certain manufactory used for the manufacture of carriages, situated in said Plymouth, which was on the day and year last aforesaid destroyed by fire, together with divers articles of personal property therein situated, and that the plaintiff did not in any manner cause the same or procure the same to be done ; and that, after the destruction of said building by fire, to wit, on the 28th day of September, 1859, the defendant, well knowing the premises, and contriving and intending maliciously and willfully to injure the plaintiff and to destroy his good name and character, to bring him into disgrace among his neighbors, and to expose him to the penalties of the law for burning buildings, did, at said Plymouth, in the presence and hearing of sundry persons, utter, publish and speak the following false, scandalous and malicious words, of and concerning the plaintiff, that is to say : " We (meaning the defendant and his said partners) know that our building (meaning the said factory building belonging to said Shelton, Tuttle & Co.,) was set on fire." " There is no doubt in our

minds," (meaning, in the minds of said defendant and his said partners.) "We (meaning said defendant and his partners aforesaid) are satisfied that Bishop (meaning the plaintiff) did it;" (meaning that he, the defendant, and his said partners were satisfied and knew that the. plaintiff set fire to their said factory.) "We (meaning the defendant and his said partners,) are as well satisfied that Bishop (meaning the plaintiff) burnt our factory (meaning the building so destroyed by fire) as we are of anything we did, not see with our own eyes;" (meaning that he, the defendant, and said others, knew that the plaintiff had burnt said factory.) "He (meaning the plaintiff) set David's (meaning his partner David Shelton') barn on fire;" (meaning that the plaintiff had attempted to set on fire and destroy a barn belonging to said David Shelton.)—By means of uttering and publishing which false and scandalous words, the plaintiff has been greatly injured &c.

A second count, after setting forth the same introductory matter, proceeded substantially as follows :—

That after said destruction of said manufactory by fire, to wit, on the twenty-ninth day of September, 1859, the defendant, well knowing the premises, and contriving and intending maliciously and willfully to injure the plaintiff, and to destroy his good name and character, to bring him into disgrace among his neighbors, and to expose him to the penalties of the law for burning buildings, did, at said Plymouth, and in divers other places, in a certain discourse of and concerning the plaintiff, and in the presence and hearing of sundry persons, utter, publish and speak the following other false, scandalous and malicious words, of and concerning the plaintiff; that is to say : "We (meaning the defendant and his said partners) know that our building (meaning the said factory) was set on fire." "There is no doubt in our minds;" (meaning in the minds of the defendant and his said partners.) "We (meaning the defendant and his said partners) are satisfied that Bishop (meaning the plaintiff) did it;" (meaning that he, the defendant, and his said partners, were satisfied and knew that the plaintiff set fire to and burnt said factory.) "We

(meaning the defendant and his said partners) are as well satisfied that Bishop (meaning the plaintiff) burnt our factory (meaning the factory of said defendant and his said partners) as we are of anything we did not see with our own eyes;" (meaning that he, the defendant, and his said partners, were well satisfied and knew that he, the plaintiff, burnt their said factory.) "I (meaning the defendant) am as well satisfied that Bishop (meaning the plaintiff) burnt our factory (meaning the factory of said defendant and his said partners) as I am of anything I did not see with my own eyes;" (meaning that he, the defendant, was well satisfied and knew that the plaintiff had maliciously set on fire and burnt said factory.) "I (meaning the defendant) am well satisfied that he (meaning the plaintiff) burnt our factory;" (meaning the factory of said defendant and his said partners.) "He (meaning the plaintiff) set fire to David Shelton's barn."—By means of uttering and publishing which false and scandalous words, the plaintiff has been greatly injured, &c.

The jury rendered a verdict for the plaintiff, upon which the defendant moved in arrest of judgment for the insufficiency of the declaration, which motion was overruled by the court. He then brought a writ of error.

*Graves,* with whom was *Giddings,* for the plaintiff in error.

The declaration does not contain or set forth any cause of action. The words uttered are not slanderous in law. No crime is imputed to the defendant in error as the words are laid in the declaration; the charge is merely that the plaintiff had set fire to and burnt his factory. If the words used can be fairly construed in an innocent sense they are to be so construed, and if they were spoken in any other sense, when upon their face they are not slanderous and actionable *per se,* the pleader must set forth that fact by an appropriate colloquium, and then the office of an inuendo will become operative. In this case no such colloquium appears in the declaration. *Jones* v. *Hungerford,* 4 Gill & Johns., 402. *Chaplin* v. *Cruikshank,* 2 Harris & Johns., 247. *Blanchard* v. *Fisk,* 2 N. Hamp., 398. *Carter* v. *Andrews,* 16 Pick., 1. *Bloss* v. *Tobey,* 2 id., 320. *Patterson* v. *Edwards,* 2 Gilm., 720.

Tuttle *v.* Bishop.

*Nichols* v. *Packard*, 16 Verm., 83. The authorities and precedents are all agreed in defining the office of an inuendo to be simply to explain what is ambiguous, but not to *extend the force of language*. Nothing laid by an inuendo is put in issue, because it is not traversable except as it is connected with a proper colloquium. See the cases cited above.

*Hubbard* and *S. W. Kellogg*, for the defendant in error.

The declaration is sufficient. The charge of burning the building of another is a direct charge of a crime, made so by our statute, and it needs no colloquium to support it. Here the charge is still stronger ; the charge is that Bishop *set the building on fire*. This language applied to burning another's building can only mean a willful burning, in the natural and popular meaning of the words. 1 Hilliard on Torts, 265, 6, 402, 405. *Tindall* v. *Moore*, 2 Wils., 114. *Slowman* v. *Dutton*, 10 Bing., 402. *Sturtevant* v. *Root*, 7 Foster, 69. The words are not as a matter of course to be taken *in mitiori sensu.* *Case* v. *Buckley*, 15 Wend., 327. *Kennedy* v. *Gifford*, 19 id., 296. If there is any defect here for want of a colloquium, it is cured by verdict. The jury have found its meaning. 1 Hilliard on Torts, 405.

SANFORD, J. The offense which the plaintiff claims the defendant imputed to him by the words laid in the declaration, is the one made punishable by statute. Rev. Stat., title 6, sec. 35. That statute provides that " every person who shall willfully burn any ship or other vessel, any office, store, shop, warehouse, mill, distillery, brewery or manufactory," &c., " the same being the property of another, shall suffer imprisonment," &c.

The defendant contends that the words laid in the declaration do not *per se* impute to the plaintiff any offense, and that there are in the declaration no sufficient allegations or averments of fact to show that they were intended or understood to charge such offense.

The words laid do not indeed charge the offense in the very language of the statute, but the plain and natural import of

them, the idea they were calculated to convey to those who heard them, is, we think, that the plaintiff had willfully and maliciously burnt the factory alluded to, and the court is bound to understand the words as the rest of mankind understand them. *Rex* v. *Matthews*, 9 State Trials, 710. *Tomlinson* v. *Brittlebank*, 4 B. & Ad. 630. *Rex* v. *Horne*, Cowp., 672. *Peake* v. *Oldham*, Cowp., 278. *Goodrich* v. *Woolcott*, 3 Cow., 239. *Roberts* v. *Camden*, 9 East, 95. *Gilman* v. *Lowell*, 8 Wend., 577. *Bloss* v. *Tobey*, 2 Pick., 328. Tested by this rule, the words which the jury have found were uttered by the defendant do, in our judgment, upon their face impute to the plaintiff the offense claimed.

In the second count it is averred that the defendant uttered and published, of and concerning the plaintiff, these words:—
" We know that our building was set on fire, there is no doubt in our minds, we are satisfied Bishop did it. We are as well satisfied that Bishop burnt our factory as we are of any thing we did not see with our own eyes. I am as well satisfied that Bishop burnt our factory as I am of any thing I did not see with my own eyes. I am well satisfied that he burnt our factory. He set fire to David Shelton's barn."

From this recital of the defendant's language is it possible to entertain a doubt as to the defendant's intention to charge the plaintiff with the willful burning of the defendant's factory ? or that that was the idea which his words were calculated to convey to the minds of those who heard them ? Is this the language of one whose building has been burnt by accident or in consequence of another's negligence, of one who is lamenting his misfortune, rather than giving utterance to his indignation ? Why was the charge of setting on fire and of burning so many times repeated ? And why those emphatic expressions of the convictions of the defendant and of his partners in relation to it? And why the direct charge that the plaintiff set fire to David Shelton's barn ? If the defendant intended to impute negligence or inadvertence rather than crime, why did he not accompany his charges with some intimation tending to that conclusion ?

To set on fire or burn a building, according to the natural

meaning and popular acceptation of the terms, implies an active agency in the party setting on fire or burning, as well as the concurrence of his will in the act performed. A fire originating in accident or negligence can with no propriety be, and seldom or never is, said to be set by any one. A building burnt by accident seldom or never is said to be set on fire, nor is it said to be burnt by human agency or action.

We think it clear that the plain and natural import of the words was, that the plaintiff had willfully set on fire and burnt the defendant's factory; that that was the idea they were calculated to convey to the minds of those who heard them, and that the hearers must have so understood them.

But that this is the sense in which the words were uttered, and intended to be understood, is settled by the verdict of the jury. In the introductory part of the count it is averred that the defendant intended to subject the plaintiff to the penalties of the law for burning buildings, and, after the recital of the words uttered, it is also averred by way of inuendo that the defendant meant that the plaintiff had *maliciously* set on fire and burnt said factory, and these averments the jury have found true. Now the law affixes no penalty to the accidental or even the careless burning of a building; but to set on fire and burn a building *maliciously* is the very crime which the statute describes and punishes. It is the *willful* burning of such building. Malice is a wicked *intention* to do an injury. Bouvier Law Dict. " *Malice.*" 2 Chit. Crim. Law, 727. Maliciously is with deliberate intent to injure. *Webster's Dict.* " *Maliciously.*" See also *Case* v. *Bulkley*, 15 Wend., 327; *Wood* v. *Scott*, 13 Verm., 42; *Nichols* v. *Packard*, 16 Verm., 83; *McClaughry* v. *Wetmore*, 6 Johns., 82. After verdict then, at any rate, this count must be holden good. Whether the first count is good or not we need not inquire.

There is no error in the record complained of.

In this opinion the other judges concurred.