FRANK VS. DUNNING and wife.

SLANDER. (1) *Words charging plaintiff with burning up his own hop-house.* (3) *Willful burning of insured building, a felony.* (2, 4) *Innuendo: colloquium.* (5) *Knowledge of defendant: nonsuit.*

1. Words merely charging a person with setting fire to and burning up his hop-house do not naturally and *per se* impute to him a *felonious* burning.

2. Words not in themselves actionable cannot be rendered so by a mere *innnendo*, without a prefatory averment of facts which made them slanderous.

3. The willful burning of an insured building, with intent to injure the insurer, is a felony, by sec. 8, ch. 165, R. S.

4. The complaint avers, in substance, that plaintiff's hop-house, and his hops stored therein, at the time when they were accidentally destroyed by fire, were insured by and for the benefit of the plaintiff, and that the female defendant, knowing these facts, and in the presence and hearing of persons who knew them, maliciously spoke the words set forth, which were to the effect that plaintiff had "set his hop-house on fire and burned it up," meaning that plaintiff had willfully and maliciously set fire to and burned up his hop-house, and had committed the crime of arson. There is no *colloquium* alleging that said defendant, when she spoke the words recited, referred to the fact that the hop-house was insured, and intended to charge that plaintiff burned it with intent to injure the insurer. *Quære*, whether, without some such colloquium, the complaint shows the words to be actionable.

5. Plaintiff, having introduced no evidence to show that said defendant, when she spoke the words charged, *knew* that his hop-house or its contents were insured, was properly nonsuited.

APPEAL from the Circuit Court for *Dodge* County.

Action for slander. The substance of the complaint is stated in the opinion. Answer, a general denial, except of the fact that the defendants were husband and wife.

On the trial, it was proved that the plaintiff's hop-house was insured at the time it was burned, and that the plaintiff had received the insurance money; also that the defendant *Adella Dunning* had spoken the words in the hearing of several per-

sons, some of whom knew at the time that the building was insured, while other did not; but there was no proof that the defendant knew of the insurance at the time of speaking them.

The circumstances under which the words were spoken, were these. The defendant *Adella* was asked whether her husband would attend a "bee" to help rebuild the plaintiff's hop-house, and she replied that she did not think he would; that plaintiff had burned up his hop-house, and now wanted his neighbors to build him a better one. This seems to have been the entire conversation.

At the close of plaintiff's evidence a judgment of nonsuit was granted, from which the plaintiff appealed.

*Mulberger & Gardner*, for appellants, contended that as the plaintiff had proved all the material allegations of the complaint, the question of the *intent* with which the words were uttered should have been left to the jury (Townshend on Slander, 126–7, 133, 137–8, and notes; 1 Starkie on Slander, 65, 75, 76, 95; *Goodrich v. Woolcott*, 3 Cow., 231; *In re Baily*, 2 id., 479; *Gibson v. Williams*, 4 Wend., 320; *Case v. Buckley*, 15 id., 327; *Rundell v. Butler,* 7 Barb., 260; *Somers v. House*, Holt, 39; *Morgan v. Livingston*, 2 Rich., 573; *Montgomery v. Deeley*, 3 Wis., 709; *Weil v. Schmidt*, 28 id., 140); that there was circumstantial evidence tending to show that the defendant knew of the insurance at the time of uttering the alleged defamatory words; and, as the evidence tended to prove the issue, and was sufficient to have sustained a verdict for the plaintiff, it was error to nonsuit him. 3 Wis., 416; 5 id., 85; 13 id., 175; 15 id., 311; 7 id., 439; 14 id., 553; 19 id., 187; 22 id., 681; 29 id., 21.

*Hall & Skinner*, for respondents:

The words charged are not actionable *per se*, as they do not impute to the plaintiff any crime. Tay. Stats., 1839, § 8; *Ward v. Clark*, 2 Johns., 10; *Hopkins v. Beedle*, 1 Caines, 347. The testimony wholly fails to prove that the defendant knew

of the insurance, or intended to impute a burning with feloni-
ous intent. *Weil v. Altenhofen*, 26 Wis., 708; *Filber v. Dau-
termann*, 28 id., 134. The words charged were uttered in a
business matter, to an agent of the appellant, and were privi-
leged. *Noonan v. Orton*, 32 Wis., 106.

COLE, J. We have very grave doubts whether the com-
plaint in this case is not fatally defective on account of the
absence of a *colloquium* showing that the words spoken imputed
to the plaintiff a felonious burning. It is alleged, in substance,
that the plaintiff was the owner of a certain hop-house and of
a quantity of hops stored therein ; that the hop-house and
hops were insured, by and for the benefit of the plaintiff,
against loss or damage by fire ; that the hop-house and hops,
while thus insured, were accidentally destroyed by fire ; that
all these facts were known to the defendant *Adella Dunning* at
the time when she spoke the slanderous words set forth and
complained of, and were known to all persons in whose pres-
ence and hearing the words were spoken. It then states that
the defendant *Adella Dunning*, in the presence and hearing of
a number of persons, maliciously spoke concerning the plain-
tiff the defamatory words following : "Old *Frank* (meaning
the plaintiff) has set his hop-house on fire, and burned it up,"
meaning that the plaintiff had willfully and maliciously set
fire to and burned up his hop-house, and had committed the
crime of arson.

Now as the words do not naturally and *per se* impute a felo-
nious burning, it seems to us it was necessary to show by a
*colloquium* that they were spoken of and concerning the burn-
ing of the hop-house which was insured, and that the intent
was to charge that the plaintiff unlawfully burned the build-
ing to defraud the insurance companies. The willful burning
of a building, at the time insured, with intent to injure the in-
surer, is a statutory felony. R. S., ch. 165, sec. 8. It is true,
the innuendo attributes to the words a meaning which renders

them actionable; but the rule is well settled that words not in themselves actionable cannot be rendered so by an innuendo, without a prefatory averment of extrinsic facts which make them slanderous. 1 Chitty's Pl., 400–406; *Nichols v. Packard,* Vt. 16, 83; *Sweetapple v. Jesse,* 5 Barn. & Ad., 27; *Digley v. Thompson,* 2 Nev. & Man., 485; *Brown v. Brown,* 2 Shep., 317; *Harris v. Burley,* 8 N. H., 256; *Beswick v. Chappell,* 8 B. Mon., 486; *Watts v. Greenlee,* 2 Dev. Law, 115; *Brittain v. Allen,* id., 120; *Dottarer v. Bushey,* 16 Pa. St., 204; *Goodrich v. Woolcott,* 3 Cow., 231; *Case v. Buckley,* 15 Wend., 327; *Gibson v. Williams,* 4 id., 320; *Weil v. Altenhofen,* 26 Wis., 708; *Weil v. Schmidt,* 28 id., 138. The words, "the plaintiff has set his hop-house on fire and burned it up," standing alone, and by the mere force of the language, do not import that he burned the property with intent to defraud the insurers. But by means of introductory matter, or some statement that the speaker referred to the fact that the hop-house was insured, and intended by the language used to charge that the plaintiff had burned it with intent to injure the insurers, a slanderous character might be given to the words. And we are therefore strongly inclined to think there should have been a colloquium that the words were spoken of and concerning the burning of the hop-house which was insured, and that thereby the speaker intended to charge the plaintiff with a felonious burning. But, without deciding this point definitely, as though the case came up on demurrer to the complaint, we think the judgment of nonsuit was right on another ground.

We have already observed that the words were not actionable *per se,* and only became slanderous by reference to some extrinsic matter. If the hop-house was insured, and the defendant *Adella Dunning* knew the fact when she uttered the words, there might be some ground for the inference that she intended to charge the plaintiff with the commission of a crime. But there is not a particle of proof that she knew that the hop-house was insured, or that by the language she intended to im-

pute to him anything wrong in setting fire to the building. And there is certainly no evidence in the case which would warrant the jury in finding that she did impute to him, or intended to impute to him, the commission of a crime. So that, even if the facts stated in the complaint constitute a cause of action, they were wholly unsupported, or rather were unproven, by the evidence.

The judgment of nonsuit must therefore be affirmed.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part in the decision of this cause.