ENOCH E. WEST *vs.* JOHN HANRAHAN.

October 29, 1881.

**Slander—Charge of Statutory Felony.**—In an action for slander the following words were alleged in the complaint to have been falsely and maliciously spoken concerning the plaintiff: "West (the plaintiff meaning) sent two loads of his store goods to the Black Hills with his mule teams, and started a store there, and then set fire to and burned his store building, to get the insurance." *Held*, that these words import a charge of the commission of an indictable felony under the statute, and that they are actionable *per se.* It is not necessary in such pleading to aver that the plaintiff had a store which was insured, nor that it was in fact burned.

Appeal by defendant from an order of the district court for Pope county, *McKelvy*, J., presiding, overruling a demurrer to the complaint.

*A. Barto,* for appellant.

*Searle & Storey,* for respondent.

DICKINSON, J. This is an action for slander. The complaint charges that the defendant, at a time and place therein named, and in the presence and hearing of a person named, "maliciously spoke of and concerning the plaintiff the false and defamatory words following, to wit: 'West (the plaintiff meaning) burned his store, and I know it and will swear to it;' and 'West (the plaintiff meaning) sent two loads of his store goods to the Black Hills, with his mule teams, and started a store there, and then set fire to and burned his store building to get the insurance,' (meaning thereby that the plaintiff had feloniously set fire to and burned his store in said Pope county.)" The defendant demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and from an order overruling such demurrer, defendant appealed to this court.

In an action of slander, if the words alleged to have been spoken of the plaintiff, when taken in their plainest and most natural sense, and as they would be ordinarily understood, obviously import the commission of a crime punishable by indictment, such words are actionable *per se.* *Montgomery* v. *Deeley,* 3 Wis. 623; *Case* v. *Buckley,*

v.28—25

15 Wend. 327; *St. Martin* v. *Desnoyer*, 1 Minn 131 (156.) Construing the complaint according to this rule, the words alleged to have been spoken, commencing "West (the plaintiff meaning) sent two loads," etc., impute the doing of an act, which, by the terms of the statute, constitutes an indictable felony, and they are actionable in themselves without other averment. The statute reads as follows, (Gen. St. 1878, c. 95, § 8:) "Whoever wilfully burns any goods, wares, merchandise, or other chattels, or any dwelling-house, hotel, store, or other building which is at the time insured against loss or damage by fire, with intent to injure the insurer, whether such person is the owner of the property burnt or not, shall be punished by imprisonment in the state prison not more than ten years, nor less than three years." From the false accusation of such a crime damage is presumed, and hence the words are actionable, without averment of special damages.

The defendant claims the pleading insufficient, because it does not allege that the plaintiff had a store that was insured, and that it was burned. This cannot be; for these facts, and every fact necessary as an ingredient in the crime charged, are necessarily implied in the accusation of the commission of the crime. The question is not whether a crime has been committed in fact, nor is this complaint to be construed as an indictment charging crime. The question is whether the words spoken by the defendant, as pleaded, accused the plaintiff of the commission of a crime. It is not necessary, if the words themselves import a crime, that the complaint should allege the actual commission of a crime, or aver any fact to exist, the existence of which would be a necessary element in the crime. One may be accused of murder or arson, and the accusation would be slander, although no homicide had been committed and no building burned. It is not important, as relating to the sufficiency of this pleading, whether or not plaintiff had a store, nor whether there was any insurance or burning. It is enough that the complaint avers the speaking of words which in themselves import the commission of the statutory crime by the plaintiff. The complaint presents a good cause of action on its face, and the demurrer was properly overruled.

Order affirmed.