ALBERT C. CLARK, Respondent, *against* SIDNEY DILLON *et al.*, Appellants.

(Decided June 5th, 1882.)

In an action to recover damages for personal injuries to the wife of plaintiff, the complaint alleged that defendants, as copartners, made an excavation in a public street, and that by their negligence in failing to cover or guard the excavation, plaintiff's wife fell into it and was injured. The answer alleged contributory negligence on her part, and a settlement with her in which plaintiff agreed to waive his claim; and it then admitted the copartnership of defendants, and denied "each and every other allegation in said complaint contained not hereinbefore specifically admitted, qualified or denied." *Held*, that this did not constitute a denial of the allegation in the complaint that defendants made the excavation.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The complaint alleged the making of an excavation by defendants at the intersection of Fourth Avenue and Sixty-third Street, their partnership, that the place was left unguarded, and that plaintiff's wife, while lawfully passing

Clark *v.* Dillon.

along the street, fell down the embankment made by the excavation, and was injured, to plaintiff's damage $10,000.

The answer averred contributory negligence by the wife, and a settlement with her, wherein plaintiff waived any claim. The copartnership was admitted, and a denial set forth in these words: "They deny each and every other allegation in said complaint contained not hereinbefore specifically admitted, qualified or denied." The jury rendered a verdict for plaintiff, and from the judgment entered thereon defendants appealed.

*Alex. Thain,* for appellants.

*T. C. Cronin,* for respondent.

BEACH, J.— [After stating the facts as above.]—The defendants' counsel asked the trial court to charge the jury that, before the plaintiff could recover, they must determine the defendants made the excavation as matter of fact. No direct evidence was given of the fact. The learned judge held there was no denial of the allegations upon the subject in the complaint. The sufficiency of the pleading to raise such an issue is the question presented by this appeal.

An answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant (Code Civ. Pro., § 500, subd. 1). This is a plain rule, by which the pleading must be judged, and commends itself by simplicity, directness, and the clearness resulting from adherence by the pleader. Under the text of the answer, the denial is problematical, leaving for opinion what should not be matter of doubt. Neither court nor opposing counsel should be called upon to speculate upon what allegations of a complaint have been specifically admitted or denied, and what may or may not be qualified, is a proposition whereon there may be great divergence of opinion. This mode of denial has been heretofore condemned, and is so loose and unsatisfactory as to warrant the court, as was done here, in wholly disregarding its

claimed effect. Its use by the pleaders is for a drag-net, to include what may possibly have been otherwise omitted. If a positive averment of a material fact is not worthy of a direct denial, the court is warranted in assuming that no issue is made upon it (*Miller* v. *McClosky*, 9 Abb. N. C., 303 ; 1 Civ. Pro., 257 ; *Hammond* v. *Earle*, 5 Abb. N. C., 105).

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment affirmed, with costs.*

---

*The judgment entered upon this decision was affirmed by the Court of Appeals, November 25th, 1884 (see 97 N. Y. 370).