GEORGE C. MANNER, Appellant, *against* JOHN B. SIMPSON Jr., *et al.*, Respondents.

(Decided April 13th, 1885).

Defendants published concerning plaintiff, a discharged superintendent of the factory of a piano company, as the grounds of his discharge, a statement that he was unfitted for the position, was continually inventing new improvements, all of which, from their impracticability, proved utter failures, on which he expended an immense amount of money, was neglectful of duty, and the factory was very badly managed, " besides which, constant reports were in circulation to the effect that all the materials sent to the factory were not used in the construction of their pianos." *Held,* that the publication was libellous *per se,* as charging embezzlement under the statutes then in force (2 R. S. 678 § 59), and as holding plaintiff up to contempt, and tending to degrade him in the opinion of the community.

An averment in the complaint in an action for such publication, that defendants intended to charge plaintiff with embezzlement, was not necessary, as the words used, giving them their natural construction, embodied such a charge.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial.

The facts are stated in the opinion.

*James C. De La Mare,* for appellant.

*D. Noble Rowan,* for respondent.

J. F. DALY, J.—The publication was clearly libellous. It stated that plaintiff was employed as superintendent to manage the factory of the Arion Piano Forte Company, and that the business prospered until 1873, when he "became involved in politics, which, together with domestic troubles, unfitted him to fill his position; he was continually inventing new improvements, all of which, from their utter impracticability, proved utter failure; he expended an immense amount of money on these supposed new and wonderful inventions; he became very neglectful of his duty, the factory was badly managed, besides which, constant reports were in circulation to the effect that all the materials purchased by the company and sent to the factory were not used in the construction of their pianos; it was accordingly resolved to change the superintendent, and Manner was therefore discharged in January last." This is but a part of the publication complained of, and it is selected to show that, in this paragraph at least, there is matter libellous *per se*. The statement that all the materials purchased by the company and sent to the factory were not used in the construction of their pianos, contained, as it is, in a publication attacking the superintendent of their factory, and following charges of unfitness for his position, wasteful expenditures in experiments, neglect of duty and bad management, means nothing if it be not an accusation of having misappropriated the materials sent to the factory, and which should have been used to make pianos. The words were not published without meaning. They were part of a statement of the grounds of complaint of an employer against a servant, furnishing the justification for his discharge from the employment. Unfitness, wastefulness, neglect of duty and mismanagement had been already specified, and the charge concludes: "besides which, constant reports were in circulation to the effect that all the materials sent to the factory were not used in the construction of their pianos," showing that something apart from unfitness, wastefulness, negligence and mismanagement were constantly reported of him, and this something is clearly embezzlement,

according to the statutes in force at the time of the publication (2 R. S. 678 § 59).

An averment that the defendants intended to charge plaintiff with embezzlement was not necessary in the complaint. The words used, giving them their natural construction, embody such a charge. The test is whether, in the mind of an intelligent man, the language used naturally imports a criminal charge (*More* v. *Bennett*, 48 N. Y. 472). But the article in its whole scope was libellous *per se*, because it held plaintiff up to contempt, and tended to degrade him in the opinion of the community as a negligent and wasteful servant, and as a visionary and unpractical mechanic, squandering an immense amount of money on "supposed new and wonderful inventions," "all of which, from their impracticability proved utter failures" (Townsend on Libel § 176).

Affirmative proof of damage was not necessary to entitle plaintiff to recover for a libellous article of this nature. The law imputes malice to the defendant, and presumes that damages have been sustained by the plaintiff (*Sanderson* v. *Caldwell*, 45 N. Y. 398).

The circular in which the libel occurs was not privileged. It was addressed to the piano trade, and was not intended as an answer to circulars issued by plaintiff. It was issued in the course of a controversy between the parties, and not in the discharge of a public or private duty, and, so far as the libellous matter is concerned, was not issued necessarily in the prosecution of defendants' own rights and interests.

The denial in the third subdivision of the answer of "each and every other allegation in said complaint not hereinafter expressly admitted or qualified," is bad (*Clark* v. *Dillon*, 11 Daly 110).

The judgment should be reversed and a new trial ordered, with costs to abide event.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.