Ketcham v. Newman.

---

ANDRES W. KETCHAM et al., Respondents, against HENRY NEWMAN et al., Appellants.

(Decided December 6th, 1886.)

Defendants, while tearing down a building adjoining plaintiffs' building and excavating for the purpose of rebuilding, obtained permission from plaintiff to shore up his building by inserting needles for the support of the side wall thereof. Held, that such license remained executory so long as the shoring was proceeding, and was revocable at pleasure during such time, even though defendants, acting under the license, had incurred expense.

In an action of trespass to recover damages sustained in the process of shoring up plaintiff's wall by an adjoining owner excavating for rebuilding, where plaintiff had revoked his license under which the shoring was done, evidence by defendant that the work was carefully done is inadmissible, the question of negligence not arising in the action of trespass.

In such action, evidence of damage to plaintiff's goods, and of the return of the same by their customers, is competent on the question of damages sustained by the trespass.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The facts are stated in the opinion.

*Stern & Myers*, for appellants.

*Hoes & Morgan*, for respondents.

PER CURIAM. — [Present, ALLEN and BOOKSTAVER, JJ.] — The plaintiffs were co-partners in business, and tenants and occupants of the store 632 Broadway, in 1882, engaged in the business of importing and jobbing millinery goods. The defendants, Newman & Cohn, were the owners of the adjoining building 630 Broadway. In February, 1882, the defendants tore down that building, and commenced excavating upon the lot for the purpose of rebuilding. A contractor named Goodwin was employed by the defendants, Newman & Cohn, to shore up the building 632 Broadway. This action was brought for trespass to recover damages which the plaintiffs claimed to have sustained by reason of the acts of the defendants in the process of shoring up the building 632 Broadway. The defense was a license given by the plaintiffs, and that the plaintiffs had suffered no damage. The plaintiffs denied the granting of any license, and claimed that if any license was given it was revocable and that they had revoked it. The jury found for the plaintiffs. The court charged that if there was no license to do the acts complained of, or if such license had been given and it had been revoked, the plaintiffs could recover.

The defendants claim that the court erred, in charging that if a license was given to enter upon the plaintiffs' premises to shore up the wall, such license might be revoked by notice, even though the defendants had acted upon the license and inserted needles for the support of the wall in pursuance of that license; and in that it refused to charge that such a license could not be revoked under such circumstances by mere notice.

" A license to enter upon land does not purport to convey an interest in land: it is substantially a promise without

any consideration to support it, and while it remains executory may be revoked at pleasure; but when executed it in general can only be revoked by placing the other party in the same situation in which he stood before he entered upon its execution."

This is the rule in *Mumford* v. *Whitney* (15 Wend. 328), and this is the case upon which the defendants seem to rely. It does not support their position, because the license in this case, if any was granted, remained executory so long as the shoring up was proceeding, and was, therefore, revocable at pleasure as to acts thereafter to be done: and this is so, even though the licensee, acting under the license, may have incurred expense. Whoever acts under a parol license which is revocable, proceeds subject to the contingency that it may be revoked and he be without remedy as to any expense which he may have incurred (*McCrce* v. *March*, 1 T. Raym. 213; *Wood* v. *Leadbitter*, 13 Mees. & W. 838).

It was not error for the court to charge the jury that if Newman & Cohn exercised acts of control over the defendant Goodwin, either in the front or rear part of the wall, they were thereby taken out of the rule of independent contractors. This was objected to upon the ground that there is no evidence of such control or exercise of control. We find such evidence in the case.

The court charged the jury that if the wall of plaintiffs' building had stood twenty years, it might be presumed to be a party wall. The doctrine of *Schile* v. *Brokhahus* (80 N. Y. 618) is that an old wall from long user may be deemed a party wall. Although this charge is not precisely within the rule laid down in that case, we do not think the defendant was in any way injured by it, and it is very doubtful if the question whether or not the southerly wall was a party wall had any influence on the finding of the jury. There is, however, sufficient uncontradicted evidence in the case that the wall for fifty or sixty feet was a party wall. One witness says there was a party wall for fifty feet; another says there was a party wall fifty or sixty feet which stood part on 630 and

part on 632. The whole southerly wall is shown to have been in use for more than twenty years, and exhibit B., admitted without objection, shows the southerly wall to be a party wall.

It was not error on the part of the court to exclude evidence that the acts complained of were carefully done under a license from the plaintiff, in view of the character of the action. The action being for trespass, no question of negligence arises or can arise in the case.

No error was committed by the court in excluding the question to the witness Stebbins: "During 1884 and 1885 have you been with the firm merely on a salary?" The witness ceased to be a member of the firm in 1882. He testified that he could not say what the sales were in 1883 and 1884, without looking at the books. We do not think the question was important, as claimed by defendants' counsel, as a test of fairness.

The exception to the admission of evidence as to damage and as to the amount of damages, do not appear to us to be well taken. The first exception relates to damages which are, it is true, outside of the bill of particulars, but which are within the complaint, where the plaintiffs claim damages for being interfered with, hindered, and embarrassed in the conduct and carrying on of their business. The other evidence has reference to the effect of the damage done the goods of the plaintiffs upon their sales and to the return of goods by their customers, and was admissible as evidence from which the jury might form an estimate of the damages suffered by the plaintiffs by reason of the trespass. For the purpose of enabling the jury to judge of the extent of their injury, the plaintiffs had the right to place this evidence before them so that they might form a judgment as to the extent of the plaintiffs' damages.

We find no error of law committed on the trial which calls for a reversal of the judgment and it must, therefore, be affirmed.

Judgment affirmed.