KELLER v. DEAN.

(Supreme Court, Appellate Division, Fourth Department. November Term, 1900.)

SLANDER—WORDS ACTIONABLE PER SE—INNUENDOES—NECESSITY.

Where plaintiff alleged, in an action for slander, that defendant said in the presence of various persons that plaintiff set fire to his barn, and that he set his building afire, and that he had a witness who would swear to it, the complaint was not defective because it contained no innuendoes or averments that defendant thereby intended to charge plaintiff with the commission of a crime, since the words alleged, as understood by people generally, charged the crime of arson, and were actionable per se.

Appeal from trial term, Onondaga county.

Action by Charles Keller against Orville Dean. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

O. M. Reilly, for appellant.
McGowan & Stolz, for respondent.

LAUGHLIN, J. The action is for slander. The complaint alleges that the defendant maliciously spoke of and concerning the plaintiff, in the presence and hearing of various persons, the following false and defamatory words:

"Charles Keller set fire to my barn. I will never let Keller get the insurance he has on his tobacco. God damn him! He set my building afire, and I have got a witness here in the room who will swear to it, that he set it afire."

The complaint contains no innuendo or other allegation as to the sense in which these words were used or understood. At the opening of the case the defendant moved to dismiss the complaint upon the ground that it failed to state a cause of action, in that these

words were not actionable without an innuendo or averment that the defendant thereby intended to charge the plaintiff with the commission of a crime, or that they were so understood. A motion for a nonsuit and for the direction of a verdict were made upon the same ground, all of which were denied, and exceptions duly taken by the defendant.

Section 488 of the Penal Code provides that a person who willfully burns or sets on fire a building which is at the time insured against loss or damage by fire, with intent to prejudice the insurer thereof, or who willfully burns or sets on fire a building under circumstances not amounting to arson in the first or second degrees, is guilty of arson in the third degree. According to the complaint, the charge was distinctly made that plaintiff burned a building, to wit, a barn, owned by the defendant; and it will be observed. therefore, that the only word omitted from the statutory definition of the crime of arson in the third degree is "willfully." The words alleged to have been uttered by the defendant concerning the plaintiff would, we think, ordinarily and naturally be understood by an intelligent man and by people generally as charging the plaintiff with having intentionally set fire to the defendant's barn for the purpose of destroying the same, thereby committing the crime of arson; and these words were, therefore, as matter of law, actionable per se, and the pleading was sufficient without an innuendo. Townsh. Sland. & L. § 166; Turton v. Recorder Co., 144 N. Y. 144, 38 N. E. 1009; Hemmens v. Nelson, 138 N. Y. 517, 530, 531, 34 N. E. 342, 20 L. R. A. 440; Case v. Buckley, 15 Wend. 327; Carroll v. White, 33 Barb. 615; Mooney v. Bennett, 44 App. Div. 423, 60 N. Y. Supp. 1103; Manner v. Simpson, 13 Daly, 156; More v. Bennett, 48 N. Y. 472; Garby v. Same, 40 App. Div. 163, 57 N. Y. Supp. 853; Henderson v. Association, 46 Hun, 504; Tuttle v. Bishop, 30 Conn. 80; Frank v. Dunning, 38 Wis. 270; Giddens v. Mirk, 4 Ga. 364; Waters v. Jones, 3 Port. (Ala.) 442; House v. House, 5 Har. & J. 125; Logan v. Steele, 1 Bibb. 593; Nailor v. Ponder, 1 Marv. 408, 41 Atl. 88; West v. Hanrahan, 28 Minn. 385, 10 N. W. 415.

The only other questions argued upon this appeal relate to the order of proof, and to the reception of evidence tending to show malice. They do not present any reversible error, or require extended consideration. The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.